IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBIN MOSLEY, | ) | |
| | ) | 2:11-cv-00440-GEB-DAD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING MOTION TO AMEND |
| | ) | COMPLAINT |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant.[1] | ) | |

Plaintiff moves to amend her complaint under Federal Rule of Civil Procedure 15(a). Plaintiff argues the purpose of the amendment is to add SD Deacon Corporation ("SD Deacon") as a Defendant; and contends granting the motion will destroy diversity jurisdiction and require this case to be remanded to the state court from which it was removed. Defendant opposes the motion.

"Once removal has occurred, the district court has two options in dealing with an attempt to join a non-diverse party. 28 U.S.C. § 1447(e) provides that '[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001).

---

[1] Doe Defendants have been dismissed pursuant to the Status Order of June 6, 2011.

1

Plaintiff argues "SD Deacon's liability is central to this action," since SD Deacon is "the general contractor who constructed the store [where Plaintiff alleges she tripped and fell,] and is responsible for the uneven floor" on which Plaintiff fell. (Pl.'s Mot. to Amend 2:15-17, 3:12-4:22; Proposed First Am. Compl. ("PFAC") ¶ 9.) Plaintiff alleges in her proposed First Amended Complaint that on December 31, 2009, "she tripped and fell over a raised steel bar separating the tile and carpet portions of the floor." (PFAC ¶ 9.) Plaintiff also alleges in the proposed First Amended Complaint: "In 2002, defendant SD Deacon built a department store for defendant Target at 10451 Fairway Drive in the City of Roseville, California." (PFAC ¶ 7.)

Defendant argues Plaintiff's motion should be denied because Plaintiff's claim against SD Deacon is barred by the four-year statute of limitations prescribed in California Code of Civil Procedure section 337.1 ("section 337.1"). (Def.'s Opp'n to Pl.'s Mot. to Amend, 3:6-7.) Plaintiff rejoins that the two-year statute of limitations for personal injuries prescribed in California Code of Civil Procedure section 335.1 applies, and that her claim accrued on the date of injury; or alternatively, that the ten-year statute of limitations applies, which governs an injury arising from a latent defect. (Pl.'s Reply ("Reply"), 2:6-15.)

The allegations in Plaintiff's proposed First Amended Complaint reveal that the four-year statute of limitations prescribed in section 337.1 applies, since it governs personal injury claims against general contractors arising from defects in real property. Cal. Civ. Proc. Code § 337.1(a). "Section 337.1 establishes an absolute four-year limitations period (subject to the exceptions in subdivisions (b) and (d)) within which a plaintiff must bring an action against defendants to

1  which the statute applies, regardless of when the patent deficiency is
2  discovered or when the harm occurs." Tomko Woll Group Architects, Inc.
3  v. Superior Court, 46 Cal. App. 4th 1326, 1337 (1996).

4  Further, Plaintiff argued for the first time in her reply
5  brief that the scheduling order in this case should be amended so that
6  she could conduct more discovery on her claim against SD Deacon than
7  what is prescribed in the scheduling order. However, "[t]he district
8  court need not consider arguments raised for the first time in a reply
9  brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir.).

10 Since Plaintiff filed her original complaint on December 22,
11 2010, more than four years after SD Deacon constructed the store in
12 which Plaintiff was injured, Plaintiff's motion is denied.

Dated:  December 12, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge